UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                     :
RUBEN CANINI,                                        :
                                                     :
                            *Petitioner*,            :
                                                     :        14 Civ. 7179/ 04 Cr. 283 (PAC)
        -*against*-                                  :
                                                     :
UNITED STATES OF AMERICA,                            :
                                                     :        **OPINION & ORDER**
                            *Respondent*.            :
------------------------------------------------------------X
                                                     :
UNITED STATES OF AMERICA,                            :
                                                     :
        -*against*-                                  :
                                                     :
RUBEN CANINI,                                        :
                                                     :
                            *Defendant*.             :
                                                     :
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Petitioner Ruben Canini ("Canini" or "Petitioner") moves for a writ of error *coram*

*nobis* or a writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651.  Canini seeks

vacation of his conviction and sentence for conspiracy to distribute heroin because the jury did

not determine the number of days he participated in the conspiracy.  Neither writ is available to

Canini and his motion must be denied.

## BACKGROUND

On June 15, 2006, Canini was convicted by a jury of one count of conspiracy to distribute

one kilogram of heroin and two counts of distributing and possessing with intent to distribute

heroin.  He has been quite diligent in attacking his conviction.  After trial, he moved for a

judgment of acquittal and a new trial on the grounds that there was insufficient evidence to

convict him and that the testimony of two cooperating witnesses should be disregarded as

inconsistent. The Court denied these motions. *U.S. v. Canini*, 2006 WL 3526737, at \*3 (S.D.N.Y. Dec. 6, 2006). Thereafter, Canini was sentenced to 240 months of incarceration. Dkt. 231, 04 Cr. 283. On January 22, 2009, the Second Circuit affirmed Canini's conviction. *U.S. v. Canini*, 307 F. App'x 557, 559 (2d Cir. 2009).

Canini then commenced a series of attacks on his conviction. On May 14, 2010, Canini filed a 28 U.S.C. § 2255 petition, seeking to vacate his sentence because of ineffective assistance of counsel, which the Court denied on March 12, 2012. *Canini v. U.S.*, 2012 WL 832443, at \*9 (S.D.N.Y. Mar. 12, 2012). The Court also denied Canini's motion to amend his section 2255 petition, finding that amendment would be futile because the claim, even as amended, failed on the merits. Dkt. 18, 10 Civ. 4002. On September 25, 2013, Canini filed a second 2255 petition, arguing that the Court's jury instruction regarding conspiracy denied him due process of law, and that his Sixth Amendment right to a jury trial was violated because the Court calculated his offense level based on facts not found by the jury in violation of *Alleyne v. U.S.*, 133 S. Ct. 2151 (2013). The Court transferred this motion to the Second Circuit pursuant to 28 U.S.C. § 1631, because the Court lacked jurisdiction over Canini's successive petition. *Canini v. U.S.*, 2014 WL 1664240, at \*1 (S.D.N.Y. Apr. 17, 2014). The Second Circuit denied the petition because Canini did not file the application within the specified time frame. Dkt. 23, 10 Civ. 4002.

## DISCUSSION

Canini now seeks either a writ of error *coram nobis* or a writ of *audita querela* because the jury was not required to make a finding regarding the number of days the defendant participated in the conspiracy and that this violated the rule established in *Alleyne* that any fact that increases the mandatory minimum sentence must be determined by a jury.[1]

### A. Coram Nobis

"*Coram nobis* is an 'extraordinary remedy' . . . generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence." *Porcelli v. U.S.*, 404 F.3d 157, 158 (2d Cir. 2005). Accordingly, while "federal courts are authorized to grant the ancient common law writ of error *coram nobis* under the terms of the All Writs Act, 28 U.S.C. § 1651(a)," *Fleming v. U.S.*, 146 F.3d 88, 89 (2d Cir. 1998), *coram nobis* is only appropriate where "a defendant has served the entirety of the defendant's sentence pursuant to a federal conviction, and is no longer in custody pursuant to that conviction." *U.S. v. Viertel*, 2012 WL 1604712, at *1 (S.D.N.Y. May 8, 2012). A petitioner otherwise eligible is entitled to *coram nobis* relief where he can show that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Fleming*, 146 F.3d at 90 (citations and internal quotations omitted).

---

[1] Because Petitioner is proceeding *pro se*, the Court "construe[s] [his] submissions 'liberally and interpret[s] them to raise the strongest arguments that they suggest.'" *Hsu v. United States*, 954 F. Supp. 2d 215, 218 (S.D.N.Y. 2013) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)).

Canini is not entitled to *coram nobis* relief because he is incarcerated on a sentence of imprisonment.[2] "Because the petitioner in this case is still in custody serving [his] sentence [he] is not entitled to a writ of *coram nobis*." *Stewart v. U.S.*, 2013 WL 4044756, at *9 (S.D.N.Y. Aug. 9, 2013).

### B. Audita Querela

The writ of *audita querela* is "available in limited circumstances with respect to criminal convictions" where "'there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.'" *U.S. v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (citing *U.S. v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995)). Accordingly, it is only available where "the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues." *Id.* The writ is "not available even in those cases where a petitioner is precluded from raising his or her claims in a successive § 2255 motion because a previous § 2255 motion was denied on the merits." *Persico v. U.S.*, 418 F. App'x 24, 26 (2d Cir. 2011).

Here, Canini has pursued judicial review through multiple avenues. He has made post trial motions, appeals, and filed two 2255 petitions. He has offered no explanation of why he is entitled to extraordinary remedies nor explained why his current arguments were unavailable to him during his prior post trial processes. The lack of success in his previous challenges to his conviction and sentence does not permit him to pursue extraordinary and otherwise inapposite avenues for relief.

---

[2] Canini cites to *Bruce v. Ebert*, 748 F. Supp. 2d 569 (W.D. Va. 2010), in which an incarcerated individual received a writ of error *coram nobis*. Mot. at 32. *Bruce* is factually distinguishable from the instant case and contrary to Second Circuit law. *See Porcelli v. U.S.*, 404 F.3d 157, 158 (2d Cir. 2005).

Even if Canini could demonstrate that he is entitled to either writ procedurally, however, Canini has failed to show any error, much less an extraordinary one, requiring correction. The duration of the conspiracy was not an element of the offense nor a fact that increased the range of penalties to which he was exposed. Gov. Mem. at 5-7. While the quantity of drugs was an element that increased his sentence, the quantity was determined by the jury at trial. Accordingly, there is no violation of *Alleyne* and no error to be corrected.

Canini's motion fails for another reason. The motion is premised upon the retroactivity of *Alleyne v. U.S.*, and the Second Circuit has held that *Alleyne* does not apply retroactively. *See U.S. v. Redd*, 735 F.3d 88, 90-92 (2d Cir. 2013).

In addition, in his Reply to the Government's opposition, Canini argues that inadmissible hearsay was used to support the Government's assertion about the relevant drug quantity. He argues that "the testimony of Virella and Benitez is inadmissible" because it is hearsay prohibited by Rule 801(c) and does not fall within the exception under Rule 801(d)((2)(E). Reply at 4. This argument fails because Virella and Benitez testified at trial and so their testimony was not hearsay.

## CONCLUSION

Canini is not entitled to the extraordinary remedies he seeks. Accordingly, his motion for either a writ of error *coram nobis* or *audita querela* is denied. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York  
      July 24, 2015

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge

5

Copies mailed by Chambers to:

Ruben Canini
55722-054
F.C.I. Hazelton
P.O Box 5000
Bruceton Mills, WV 26525